UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANNIE P. WILLIAMS,<br><br>   Plaintiff,<br><br>v.<br><br>GILA, LLC d/b/a MUNICIPAL SERVICES BUREAU,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT 4:18-cv-04703<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Annie P. Williams ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of the Defendant, Gila, LLC, doing business as Municipal Services Bureau ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and for violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas, and Plaintiff resides in the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Texas.

5. Defendant's office is located at 8325 Tuscany Way, Austin, Texas 78754. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSE OF ACTION

6. In or around November 2018, Plaintiff began receiving collection calls to her telephone number (832) XXX-6975 from Defendant attempting to collect an alleged defaulted medical debt ("subject debt"), for which it subsequently acquired the right to collect.

7. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the telephone ending in 6975.

8. Immediately after the calls began, Plaintiff answered a phone call from a representative of the Defendant. Plaintiff asked Defendant' representative to stop calling her as she could not afford to pay the subject debt.

9. Consequently, Plaintiff picked up another call and *again* demanded Defendant cease calling her because she could not afford to pay the subject debt.

10. Plaintiff's demands did nothing to stem the oncoming barrage of phone calls Plaintiff was receiving from Defendant.

11. Notwithstanding Plaintiff's requests that Defendant cease calling her, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's phone between November 2018 and the present day.

12. At no time did Defendant send Plaintiff any correspondences notifying her of her rights pursuant to 15 U.S.C. §1692g.

13. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

14. The phone number that Defendant most often used to contact Plaintiff is (800) 866-9436, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's phone.

## DAMAGES

15. Defendant' harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

16. Plaintiff has expended time consulting with her attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

17. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, and diminished value and utility of her telephone equipment and telephone subscription services.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

23. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

25. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), f, and g through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

26. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

27. Furthermore, Defendant have relentlessly called Plaintiff on numerous occasions. This volume and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

28. Defendant was notified by Plaintiff that its calls were not welcomed and harmful.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

    b.  **Violations of  FDCPA § 1692d**

29. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her phone.

30. Defendant violated §1692d(5) by causing Plaintiff's phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's phone without her prior consent.

    c.  **Violations of  FDCPA § 1692f**

31. Defendant violated §1692f by using unfair and unconscionable means to attempt to collect on the subject debt. Specifically, Defendant's conduct was unconscionable because it continued harassing Plaintiff with phone calls after she requested that it stop.

32. Defendant used such unfair conduct in order to annoy and harass Plaintiff into making a payment on the subject debt.

    d.  **Violations of  FDCPA § 1692g**

33. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff

and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

34. As pled above, Plaintiff was severely harmed by Defendant's conduct.

35. As an experienced debt collectors, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

36. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

37. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff ANNIE P. WILLIAMS respectfully requests that this Honorable Court:
a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. The alleged subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

41. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

   a. **Violations of TDCA § 391.302**

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43. Defendant violated the TDCA when it continuously called Plaintiff's phone after she notified it to stop calling on multiple occasions. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

44. Furthermore, Defendant relentlessly contacted Plaintiff multiple times. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

45. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's phone knowing it did not have prior express consent to do so.

**WHEREFORE**, Plaintiff ANNIE P. WILLIAMS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 13, 2018											Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com